Electronically Filed
Intermediate Court of Appeals
30088
19-JAN-2011
10:07 AM

NO. 30088

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee
v.
RUBEN JACOB ALVAREZ, also known as
RUEBEN JACOB ALVAREZ, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 08-1-0465(1))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant Ruben Jacob Alvarez, aka Rueben Jacob Alvarez (Alvarez), appeals from the Judgment filed on September 4, 2009 in the Circuit Court of the Second Circuit (Circuit Court).[1]  After a bench trial, Alvarez was found guilty of Negligent Injury in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-705 (1993).[2]

---

[1]  The Honorable Joel E. August presided.

[2]  Pursuant to HRS § 707-705:

> (1) A person is guilty of the offense of negligent injury in the first degree if that person causes serious bodily injury to another person by the operation of a motor vehicle in a negligent manner.

On appeal, Alvarez contends that (1) the Circuit Court erred by finding that the complaining witness did not speed or quickly move his motorcycle onto the shoulder of the road and (2) there was insufficient evidence to convict Alvarez of Negligent Injury in the First Degree, in particular because the Circuit Court applied an incorrect negligence standard.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Alvarez's points of error as follows:

(1) A finding that complaining witness David Adkins (Adkins) did or did not speed or move his motorcycle quickly into the shoulder of the road depended upon the testimony, and thus the credibility, of the witnesses. On this point, the Circuit Court specifically found the testimony of Adkins to be credible, while finding not credible the testimony of witness Jackie Gongora (Gongora) and Alvarez. "[A]n appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the [trier of fact]." State v. Jenkins, 93 Hawai'i 87, 101, 997 P.2d 13, 27 (2000) (citations omitted, some brackets in original) (quoting State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999)).

Adkins testified that his motorcycle was sputtering at the traffic light on Kula Highway and after his motorcycle died out, he decided to "crab-walk" it from the middle lane to the right side of the road. It did not take him long to move to the shoulder of the road because he was stopped on a downward slant. The Circuit Court did not find credible Gongora and Alvarez's testimony that Adkins "essentially speeded into the shoulder or moved quickly into the shoulder." Rather, the Circuit Court

2

found that "if you're trying to move a 700-pound motorcycle from a standing stop, that you don't shoot out like a rocket if you're walking the bike crab-style."

Alvarez points to the testimony of witnesses Rosemary Estrella (Estrella) and David Perreira (Perreira), but their testimony is not particularly helpful to Alvarez. Estrella testified that she was stopped at the traffic light and Adkins's motorcycle was the second vehicle in front of her, stopped with everyone else. While stopped, Estrella noticed in her right passenger mirror that a "dirt bike" was speeding or coming very quickly down the right shoulder of the road, and she warned Perreira who was a passenger in her car. When the "bike" in the shoulder passed her car, she noticed the motorcycle in front of her make "some kind of adjustment" that took a "couple of seconds" and resulted in his front tire going into the shoulder of the road, at which point the collision occurred. Perreira, Estrella's passenger, testified that they had come to a stop at the traffic light, Estrella warned him about a "bike" traveling down the shoulder of the road, which he turned to see, and then when he looked forward: "I don't know what [Adkins] was doing, if he was trying to reposition himself, but he veered into the shoulder" at which point the collision occurred.

Based on the testimony of the witnesses, and leaving to the Circuit Court the determinations on credibility, the Circuit Court did not clearly err in finding that Adkins did not speed or move quickly into the shoulder of the road.

(2) Alvarez's claim that the Circuit Court employed the incorrect negligence standard is without merit. In <u>State v. Bayly</u>, 118 Hawaiʻi 1, 9, 185 P.3d 186, 194 (2008), the Supreme Court of Hawaiʻi cited HRS § 702-206(4)(a) (1993)[3] for the higher standard of criminally negligent conduct in comparison to negligence that was merely lack of due care. In the instant case, the Circuit Court articulated the higher standard of criminal negligence, similar to <u>Bayly</u>, when concluding that the state proved beyond a reasonable doubt that Alvarez acted negligently. The Circuit Court did not apply a simple negligence or civil negligence standard.

In setting forth its ruling, the Circuit Court referenced "criminal instruction 6.05" and that the instruction provided "that a person acts negligently with respect to a result of his conduct when he should be aware of a substantial and

---

[3] HRS § 702-206(4) provides the definition for negligent state of mind as follows:

> (4) "Negligently."
>
> (a) A person acts negligently with respect to his conduct when he should be aware of a substantial and unjustifiable risk taken that the person's conduct is of the specified nature.
>
> (b) A person acts negligently with respect to attendant circumstances when he should be aware of a substantial and unjustifiable risk that such circumstances exist.
>
> (c) A person acts negligently with respect to a result of his conduct when he should be aware of a substantial and unjustifiable risk that his conduct will cause such a result.
>
> (d) A risk is substantial and unjustifiable within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a law-abiding person would observe in the same situation.

unjustifiable risk that his conduct would cause the result that one is dealing with."  In addition, the Circuit Court specifically stated that it was employing a higher standard than simple negligence.

We also conclude that there was substantial evidence that Alvarez acted negligently, according to the standards stated in HRS § 702-206(4) and Bayly.  The cases Alvarez cites from other jurisdictions are not germane as they deal with specific statutes from those other jurisdictions.

In determining the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the prosecution and determine whether there was substantial evidence to support the conclusion of the trier of fact.  Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  State v. Eastman, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996)(citations and brackets omitted).

Based on the record, there is substantial evidence that the collision with Adkins occurred after Alvarez operated his motorcycle in the shoulder of the road at a high rate of speed when approaching a red stop light at which other vehicles, including Adkins's motorcycle, were stopped.  Alvarez did not operate his motorcycle in the roadway, did not slow down or stop, and instead continued to move forward rapidly on the shoulder of the road until he collided with Adkins.  Further, Estrella testified that when she initially saw Alvarez in her right passenger mirror, he was coming down the shoulder of the road only on his rear wheel, doing a "pop-a-wheelie", before he went back down to two wheels and ultimately collided with Adkins.  Alvarez should have been aware of a substantial and unjustifiable risk that he was operating his motorcycle in a manner that would

cause serious bodily injury to another person on the shoulder of the road.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment filed on September 4, 2009 in the Circuit Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, January 19, 2011.

On the briefs:

Cynthia A. Kagiwada
for Defendant-Appellant

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

6